FILED

June 25, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

JAKE O. PURKEY and TEAM      )      HAMBLEN CIRCUIT
TECHNOLOGIES, INC.,          )      C.A. NO. 03A01-9707-CV-00317
                             )
        Plaintiffs-Appellees )
                             )
                             )
vs.                          )
                             )      HON. KINDALL T. LAWSON
                             )      JUDGE
                             )
DENNIS PURKEY, d/b/a WEST END )
SERVICE CENTER,              )
                             )
        Defendant-Appellant  )      AFFIRMED AND REMANDED

EDWARD J. WEBB, JR., K. JEFF LUETHKE, Hunter, Smith & Davis, Johnson City, for Appellant.

C. DWAINE EVANS, Evans & Beier, Morristown, for Appellees.

O P I N I O N

McMurray, J.

In this bailment case, plaintiffs, Jake Purkey and Team Technologies, Inc., filed suit after their trucks were destroyed in a fire at the West End Service Center's (defendant) place of business. A jury found the defendant liable for the value of the trucks and also for the rental expenses incurred by Team Technolo-

gies in procuring a substitute vehicle after its truck was destroyed. The defendant, Dennis Purkey, owner of the West End Service Station (West End), appeals, arguing there is no material evidence to support the jury's verdict. We affirm the judgment of the trial court.

On or about January 2, 1996, Jake Purkey, son of the defendant, left his truck at West End for service and repairs. Mr. David Schumaker, an owner of Team Technologies, a custom contract manufacturing business, left his company's vehicle at West End for the same purpose. On the early morning of January 3, 1996, a fire occurred which destroyed West End's service building and the two vehicles therein.

The jury trial took place on May 29, 1997. At the trial, both plaintiffs admitted that they had no direct evidence that the defendant negligently caused or contributed to the fire. The defendant testified that he was unaware of anything he did or neglected to do which would have caused or contributed to the fire. He stated that he had no knowledge of the fire's cause or origin.

On cross-examination, the defendant stated that the work he was performing on Team Technologies' vehicle required disconnecting the fuel lines. He testified that he did not know whether the fuel lines had been reconnected before he left the shop on January 2.

He also testified that if not reconnected correctly, the fuel lines could leak and cause gasoline fumes to accumulate. The defendant stated that he "didn't pay any attention [to] gas smells — gasoline smells" and since he worked around the smell of gasoline so often, "I guess I'm immune to it." There were no open windows or vents in the building, and the doors were locked when the defendant left for the day.

The defendant presented the testimony of Mr. Gary Young, a fire causation expert. Young investigated the fire scene approximately eight days after the fire. He testified that the fire was caused by a low-order explosion. Young stated that the evidence suggested that the fire began high in the building and spread downward. There was no evidence that the fire had been intentionally set, or that it had been caused by either of the plaintiffs' vehicles.

Young testified that "it's absolutely my opinion that a natural gas explosion occurred and blew the wall out. I just don't know what happened to cause the natural gas explosion." He explained that the reason he was certain it was a natural gas explosion was that natural gas is lighter than air, causing it to rise, and the burn patterns suggested the fire started in the upper portion of the building. Although Young stated he was certain of a natural gas explosion, on cross-examination he was presented with

his investigation report, which stated that the evidence "lends some credence to the possibility of some type of natural gas leak," and which stated as its conclusion, "it is my professional opinion that the specific cause or precipitator for this fire loss can simply not be determined based on the evidence available ..." His report also noted that he had interviewed the Morristown City Fire Investigator, who

> revealed that at the conclusion of his investigation, his official ruling is that this fire is undetermined in origin. He notes, however, that he thinks one possibility as a possible cause for the fire might be due to the rear block wall of the building collapsing due to some type of previous structural problem which in turn tore the gas supply lines. . .he was unable to prove the above scenario with scientific certainty but offered it as one possible explanation for the fire.

Young testified that the only indicator of a natural gas leak would be a distinctive odor. The defendant testified that he did not notice any natural gas odor before he left West End that evening. Young stated that he did not uncover any evidence suggesting that the defendant did anything to cause or contribute to the fire.

The jury awarded Jake Purkey $9,125, the amount stipulated as the fair market value of his truck. The jury awarded Team Technologies $17,593.99, the value of its vehicle plus its expenses in renting another business vehicle until a suitable replacement could be found.

4

Prior to trial, the defendant moved for summary judgment, which was denied by the trial court. The defendant argues on appeal that the denial of summary judgment was erroneous. As the court noted in Bradford v. City of Clarksville, 885 S.W.2d 78, 80 (Tenn.App. 1994), "[a] trial court's denial of a motion for summary judgment, predicated upon the existence of a genuine issue of material fact, is not reviewable on appeal when a judgment is subsequently rendered after a trial on the merits."

The defendant argues that there is no evidence to support the jury's verdict. Bailment cases such as this one are governed by T.C.A. § 24-5-111, which provides:

> In all actions by a bailor against a bailee for loss or damage to personal property, proof by the bailor that the property was delivered to the bailee in good condition and that it was not returned or redelivered according to the contract, or that it was returned or redelivered in a damaged condition, shall constitute prima facie evidence that the bailee was negligent, provided the loss or damage was not due to the inherent nature of the property bailed.

It is undisputed that plaintiffs' proof was sufficient to make out a prima facie case under the statute, and thus the burden shifted to the defendant to affirmatively prove he was not negligent. Morton v. Martin Aviation Corp., 325 S.W.2d 524 (Tenn. 1959); Steiner-Liff Iron & Metal Co. v. Woodmont Country Club, 480 S.W.2d 533 (Tenn. 1972); Crook v. Mid-South Transfer & Storage Co., Inc., 499 S.W.2d 255 (Tenn.App. 1973).

5

We are of the opinion that there was material evidence, including the presumption afforded by the statute, supporting the jury's verdict in this case. Defendant makes much of the expert Young's testimony that he found no evidence that defendant caused or contributed to the fire, but it is an elementary principle that the jury is at liberty to accept, reject, or accord whatever weight it will to an expert's testimony. See, e.g., Speight v. Gibbs, 486 S.W.2d 922, 924 (Tenn.App. 1972). As noted by the Supreme Court in Morton v. Martin Aviation Corp., 325 S.W.2d 524, 528 (Tenn. 1959):

> The presumption created by this statute is one made by law which creates an inference of a fact which is prima facie correct and will sustain the burden of evidence unless and until conflicting facts on the point are shown. Where conflicting facts on the point are shown the permissible deduction from this statutory legal presumption which is before the Court is one that the jury may accept or reject or accord such probative value as it desires, and such inference is evidence and remains in the case even though there is evidence opposed thereto with respect to the point involved. In other words this presumption is a prima facie proof of the fact presumed, and unless the fact thus established, prima facie, by legal presumption of its truth is disproved, it must stand as proved.

Id. [emphasis added].

In Irving Pulp & Paper, Ltd. v. Dunbar Transfer & Storage Co., Inc., the Sixth Circuit, applying Tennessee law, stated the following:

> Upon such a [prima facie] showing, the bailee assumes both the burden of producing evidence that the

6

damage was not caused by the bailee's negligence <u>and the
risk of nonpersuasion of the trier of fact</u>.

<u>Irving Pulp & Paper</u>, 732 F.2d 511, 515 (6th Cir. 1984) [emphasis
added].

The jury's response to the question on a special verdict form,
requested by the defendant, which queried, "has the defendant,
Dennis Purkey, presented sufficient evidence to prove by a
preponderance of the evidence that he committed no act, error or
omission that resulted in the fire in question?" was "no." Thus,
the defendant did not meet his burden of persuasion of the trier of
fact.

The trial court's judgment entered on the jury's verdict is
affirmed. Costs on appeal are assessed to the appellant.

_____
Don T. McMurray, Judge

CONCUR:

_____
Herschel P. Franks, Judge

_____
Charles D. Susano, Jr., Judge

IN THE COURT OF APPEALS
AT KNOXVILLE

| | | |
|---|---|---|
| JAKE O. PURKEY and TEAM | ) | HAMBLEN CIRCUIT |
| TECHNOLOGIES, INC., | ) | C.A. NO. 03A01-9707-CV-00317 |
| | ) | |
| Plaintiffs-Appellees | ) | |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | HON. KINDALL T. LAWSON |
| | ) | JUDGE |
| | ) | |
| DENNIS PURKEY, d/b/a WEST END | ) | |
| SERVICE CENTER, | ) | |
| | ) | |
| Defendant-Appellant | ) | AFFIRMED AND REMANDED |
| | ) | |
| | ) | |

## JUDGMENT

This appeal came on to be heard upon the record from the Circuit Court of Hamblen County, briefs and argument of counsel. Upon consideration thereof, this Court is of the opinion that there was no reversible error in the trial court.

The trial court's judgment is affirmed. Costs on appeal are assessed to the appellant.

PER CURIAM